UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**STRIKE 3 HOLDINGS, LLC,**

 Plaintiff,

 v.              Case No. 24-CV-668-SCD

**JOHN DOE,**
 *subscriber assigned IP Address 24.209.167.208*,

 **Defendant.**

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

 Strike 3 Holdings, LLC, "is the owner of award-winning, critically acclaimed adult motion pictures," which it distributes via subscription-based adult websites. ECF No. 1 ¶¶ 2–3, 13–16. It alleges that someone using the internet protocol address 24.209.167.208 illegally downloaded and distributed 27 of its movies. *Id.* ¶¶ 4–5, 17–46. Strike 3 doesn't know the identity of the alleged infringer, but it has supposedly traced his or her IP address to this district, *id.* ¶¶ 7–10, and it believes it can unmask the infringer's identity if allowed to issue limited third-party discovery, *see* ECF No. 5. Specifically, Strike 3 seeks permission to subpoena Spectrum, the internet service provider associated with the target IP address, compelling Spectrum to reveal the "true name and address of Defendant." *Id.* at 2–3. Strike 3 says it needs to identify the defendant to investigate his or her role in the infringement and to effectuate service of the complaint. *See id.* at 1–2.

 A party needs court authorization to seek discovery prior to a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). Although "[t]he federal rules do not provide a standard for

determining when a court may authorize discovery before [a defendants has] been served," the prevailing view in this circuit is that "a party seeking expedited discovery must show good cause for the request." *Wuluvarana v. Doe*, No. 22-cv-982-pp, 2023 WL 183874, 2023 U.S. Dist. LEXIS 6449, at *9–10 (E.D. Wis. Jan. 13, 2023) (discussing cases). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Kohler Co. v. Nulka Grp. Storefront on www.Amazon.com*, No. 23-cv-0372-bhl, 2023 WL 2919831, 2023 U.S. Dist. LEXIS 67538, at *2 (E.D. Wis. Mar. 23, 2023) (quoting *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012)).

Strike 3 has established good cause for seeking expedited discovery. This action cannot move forward unless Strike 3 unmasks the defendant's true identity, "and a subpoena appears to be the only means by which this might be accomplished." *Kohler Co.*, 2023 U.S. Dist. LEXIS 67538, at *3 (citing *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 555 (N.D. Ill. 2011)*; Malibu Media v. Doe*, No. 13-CV-545, 2013 WL 2632691, 2013 U.S. Dist. LEXIS 82733, at *2 (E.D. Wis. June 12, 2013)). Moreover, Strike 3's request seeks limited, concrete information: the name and address of the subscriber associated with the target IP address. The subscriber may not be the infringer. But "identifying the subscriber may be . . . the first step in identifying the John Doe defendant." *Strike 3 Holdings LLC v. Doe*, No. 23-CV-1152, 2023 U.S. Dist. LEXIS 167126, at *4 (E.D. Wis. Sept. 20, 2023) (citing *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018)). The court acknowledges that "[t]he type of suit presented here—a pornographer (or the holder of a copyright for a pornographic film) suing an unknown alleged copyright infringer—has led to abusive tactics in this district" in the past. *Strike 3 Holdings*, 2023 U.S. Dist. LEXIS 167126, at *2 (citing cases). However, Strike 3 recognizes the potential

for abuse and promises that it brings this action in good faith. *See* ECF No. 5 at 3–4. The need for expedited discovery therefore outweighs any prejudice to the responding party.

Accordingly, for all the foregoing reasons, the court **GRANTS** the plaintiff's motion for leave to serve a third-party subpoena prior to a rule 26(f) conference, ECF No. 4. Strike 3 may serve the ISP with a Rule 45 subpoena commanding the ISP to provide it with the true name and address of the defendant to whom the ISP assigned an IP address as set forth in the complaint. Strike 3 shall attach to any such subpoena a copy of this order. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this order to the defendant. Strike 3 may use the information disclosed in response to a Rule 45 subpoena served on the ISP only for the purpose of protecting and enforcing its rights as set forth in its complaint.

**SO ORDERED** this 17th day of July, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge